FILED

16 APR 22 PM 2: 19

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INFORMATION |
| ) | JUDGE PEARSON |
| Plaintiff, ) | |
| ) | 1 : 16 CR 127 |
| v. ) | CASE NO. _____ |
| ) | Title 18, Section 1347, United |
| ROBERT ROUZAUD, ) | States Code |
| ) | |
| Defendant. ) | |

The United States Attorney charges:

**GENERAL ALLEGATIONS**

1. ROBERT ROUZAUD ("ROUZAUD") was the owner and sole practitioner at Five Points Dental Centre ("Five Points").

2. Five Points was located at 1026 East 152nd Street, Cleveland, Ohio 44110, in the Northern District of Ohio.

3. The Ohio State Dental Board issued ROUZAUD a license to practice dentistry on September 29, 1989.

The Medicaid Program

4. Title XIX of the Social Security Act, 42 U.S.C. §§ 1396, et seq., established the Grants to States for Medical Assistance Programs ("Medicaid") which was designed to provide medical services, equipment, and supplies to certain individuals and families with low income.

Medicaid was a federal and state funded health insurance program administered by the various states. The United States Department of Health and Human Services ("HHS") funds approximately 60 percent of Ohio's Medicaid program. The State of Ohio initially administered its Medicaid program through the Ohio Department of Jobs and Family Services ("ODJFS"), and then through the Ohio Department of Medicaid ("ODM").

5. Medicaid was a health care benefit program as defined under Title 18, Section 24(b), United States Code.

6. In order to be reimbursed by Medicaid for certain dental services, Medicaid required a provider rendering a service to Medicaid recipients to enter into a provider agreement with ODJFS/ODM in which the provider agreed to comply with all applicable state and federal statutes, regulations and guidelines.

7. ROUZAUD signed a Medicaid provider agreement in which he agreed to comply with all applicable state and federal statutes, regulations and guidelines. Medicaid issued ROUZAUD a unique Medicaid provider number that allowed him to submit claims for services provided to Medicaid recipients.

8. Dental services provided under the Ohio Medicaid program included, but was not limited to restorative services, removable prosthodontics services (or dentures), and tooth extraction. Ohio Medicaid required dental services to be performed within the dentist's scope of practice, actually provided and accurately documented, only when medically necessary, and provided in accordance with Federal and State laws rules and regulations.

9. Medicaid covered restorative services, such as resin fillings, but prior authorization was required for porcelain fused to noble metal crowns.

10. Medicaid required preauthorization for dentures. Medicaid did not reimburse for the provision of a denture, complete, partial, or combination thereof, when replaced or remade within eight years, except for very unusual circumstances.

## The Health Care Fraud Scheme

11. ROUZAUD submitted claims to ODJFS/ODM for services he did not provide to avoid obtaining pre-authorization as required under the rules and regulations of the Ohio Medicaid program.

12. ODJFS/ODM would have denied payment to ROUZAUD for any such claims had they known the services were not pre-authorized and/or not provided.

13. ROUZAUD submitted claims to ODJFS/ODM for fillings on behalf of Medicaid recipients, often billing for excessive numbers of fillings on the same teeth, when in fact he had not provided fillings.

14. ROUZAUD submitted claims to ODFJS/ODM for fillings on teeth that had previously been extracted.

15. ROUZAUD submitted claims to ODJFS/ODM for fillings on Medicaid patients who had dentures.

16. From on or about January 1, 2009, through on or about March 31, 2015, ROUZAUD submitted false claims to ODJFS/ODM for services that he did not provide. ROUZAUD billed ODJFS/ODM $407,982 for these claims, and ODJFS/ODM paid ROUZAUD $343,665.68.

## COUNT 1
### Health Care Fraud
### (18 U.S.C. § 1347)

The United States Attorney further charges:

17. The United States Attorney realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

18. From on or about January 1, 2009, through on or about March 31, 2015, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant ROBERT ROUZAUD knowingly and willfully executed and attempted to execute the above-described scheme and artifice to defraud Medicaid, a health care benefit programs affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain by means of false and fraudulent pretenses, representations described herein, money and property owned by, and under the custody and control of Medicaid, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Sections 1347.

CAROLE S. RENDON
Acting United States Attorney

By: *Ann C. Rowland*
ANN C. ROWLAND
Deputy Chief, Criminal Division

4